# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KOTAH RAY ARMSTRONG,<br><br>    Defendant. | Case No. CR-22-110-RAW |

## **ORDER**

On November 10, 2022, appearing before United States Magistrate Judge Robertson, the Defendant entered a plea of guilty to Count One of the Indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Now before the court is the Defendant's motion to withdraw his plea of guilty filed on August 29, 2023 [Docket No. 37] and the Government's response thereto [Docket No. 38]. The Defendant seeks to withdraw his guilty plea so that he may file a motion to dismiss the Indictment pursuant to the Supreme Court's June 23, 2022 Opinion in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) and subsequent more recent applications of the standard set forth in that Opinion by lower courts.

The Defendant first argues that he should be allowed to withdraw his guilty plea for any reason pursuant to Fed. R. Crim. P. 11(d)(1) because this court has not finally accepted his guilty plea. The court does not agree. As the Government argues, Magistrate Judges have the authority to accept felony guilty pleas, and they need not issue a report and recommendation to the district

court for the plea to become final. *United States v. Garcia*, 936 F.3d 1128, 1138 (10th Cir. 2019); *United States v. Ciapponi*, 77 F3d 1247, 1251 (10th Cir. 1996).

In the alternative, the Defendant argues that he should be allowed to withdraw his guilty plea based on Fed. R. Crim. P. 11(d)(2)(B) – after the court accepts the plea, but before it imposes sentence if he "can show a fair and just reason for requesting the withdrawal." The Defendant has the burden to establish a "fair and just reason" for withdrawal of his plea. *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007) (citation omitted). In determining whether the Defendant has met his burden, the court considers: "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing the defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources." *Id.* If the defendant cannot establish a fair and just reason for withdrawing his plea through the first, fifth, and/or sixth factors – assertion of innocence, assistance of counsel, and knowing and voluntary plea – the court need not address the remaining factors. *Id*. at 1217.

In this case, the Defendant states that his motion is based on "a shifting legal landscape in real time." Docket No. 37, at 3-4. The Defendant does not contest that he is a felon or that he possessed a firearm. Instead, he cites the Supreme Court's Opinion in *Bruen*[*] and subsequent

---

[*] In *Bruen*, the Supreme Court held that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Bruen*, 142 S. Ct. at 2122. *Bruen* struck down New York's proper-cause cause requirement for obtaining a firearm because "it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *Id*. at 2156. In reaching this conclusion, the Supreme Court directed that:
> the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.

*Id*. at 2129-30.

opinions applying the standard therein to argue that a *non-violent felony* did not provide a lawful reason to disarm him. The Tenth Circuit has now laid this issue to rest in *Vincent v. Garland*, No. 21-4121, 2023 WL 5988299 (Sept. 15, 2023). The Tenth Circuit found that "*Bruen* did not indisputably and pellucidly abrogate our precedential opinion in *McCane*." *Id*. at *4 (citing *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009)). "*McCane* squarely upheld the constitutionality of the ban on felons' possession of firearms. Under *McCane*, we have no basis to draw constitutional distinctions based on the type of felony involved." *Id*. (citations omitted).

Given this ruling, the Defendant has not established a "fair and just reason" through the first, fifth, and/or sixth factors – assertion of innocence, assistance of counsel, and knowing and voluntary plea – for withdrawal of his plea. Accordingly, his motion to withdraw his plea of guilty [Docket No. 37] is DENIED.

**IT IS SO ORDERED** this 20th day of September, 2023.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**